IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01089-BNB
(Removal from Colorado Court of Appeals Case Nos. 11CA1068, 11CA2531 and 11CA2544)

SHAWN MANDEL WINKLER,

    Plaintiff,

v.

JOHN W. HICKENLOOPER, and
THE EMPLOYEES OF THE STATE OF COLORADO,

    Defendants.

ORDER FOR SUMMARY REMAND

    Plaintiff, Shawn Mandel Winkler, has filed *pro se* a document titled "Removal of Cases from State to Federal Court Pursuant to 28 U.S.C. § 1446." The Court must construe Mr. Winkler's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reason stated below, this action will be remanded summarily to the Colorado Court of Appeals.

    Mr. Winkler seeks to remove to this Court three civil actions initiated by Mr. Winkler in the Logan County District Cour--Cases No. 11CA1068, 11CA2531, and 11CA2544. It is not clear whether Mr. Winkler's appeals in all three cases are currently pending in the Colorado Court of Appeals or whether his appeals have concluded. In any case, the Court has reviewed the Notice of Removal and finds that it is deficient.

First, only a defendant in a state court action may remove an action from state court to the federal district court. See 28 U.S.C. § 1446(a). Mr. Winkler is clearly not the defendant in these matters. Second, Mr. Winkler has also failed to provide "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Finally, to the extent that Mr. Winkler wishes to challenge prison disciplinary actions in this Court, the proper method is to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, after exhaustion of remedies in the state courts. For all the reasons set forth above, this action will be remanded summarily to the Colorado Court of Appeals. Accordingly, it is

ORDERED that this action is remanded summarily to the Colorado Court of Appeals. It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this order to the clerk of the Colorado Court of Appeals. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  1st  day of    May   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court