IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01089-LTB
(Removal from Colorado Court of Appeals Case Nos. 11CA1068, 11CA2531 and 11CA2544)

SHAWN MANDEL WINKLER,

    Plaintiff,

v.

JOHN W. HICKENLOOPER, and
THE EMPLOYEES OF THE STATE OF COLORADO,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the "Motion to Alter or Amend" filed *pro se* by Plaintiff, Shawn Mandel Winkler, on May 10, 2012. Mr. Winkler asks the Court to reconsider the order which summarily remanded his case to the Colorado Court of Appeals. The Court must construe Mr. Winkler's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will construe the motion as a motion to reconsider, and will deny the motion.

In an order filed on May 1, 2012, the Court summarily remanded three state court civil cases that Mr. Winkler attempted to remove to this Court. Mr. Winkler asks the Court to reconsider its May 1 Order for Summary Remand. The motion to reconsider will be denied for the reasons stated below.

An order remanding a removed case to state court ordinarily is not reviewable on appeal or otherwise, unless the state case was removed pursuant to 28 U.S.C. § 1443. *See* 28 U.S.C. § 1447(d).  Mr. Winkler fails, both in the notice of removal and the motion to reconsider, to state grounds that justify the removal of his state court cases to this Court.  In addition, as the Court noted in the May 1 summary remand order, only defendants may remove an action from state court.  *See* 28 U.S.C. § 1446(a).  Mr. Winkler now argues that he is "the defendant in the original issue from which stems the nexus to all complaint of failure to uphold or apply the law."  Motion at 1.  However, contrary to his assertions, it is apparent from the state court pleadings that these civil actions were initiated in state court by Mr. Winkler, and therefore, he is not the defendant.  Accordingly, § 1447(d) does not allow the Court to review its prior decision.

Reconsideration may be justified when there is an intervening change in the controlling law, the availability of new evidence, or a need to correct clear error or prevent manifest injustice.  *Shields v. Shetler*, 120 F.R.D. 123, 125-26 (D. Colo. 1988).  Upon consideration of the entire file, the Court finds and concludes that Mr. Winkler fails to present any new law or new evidence to support the motion to reconsider.  He also fails to present any argument or authority which convinces the Court that the prior remand order is incorrect or will result in manifest injustice.  To the extent Mr. Winkler wishes to challenge in this Court the disciplinary actions of the Colorado Department of Corrections, the proper method is to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Accordingly, it is

ORDERED that the motion filed *pro se* by Plaintiff, Shawn Mandel Winkler, on May 10, 2012, which the Court has treated as a motion to reconsider, is denied.

DATED at Denver, Colorado, this  17th  day of    May      , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court